IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| GERRY PICKENS, individually and on behalf of his marital community property with ERICA PICKENS, his wife<br><br>Plaintiffs,<br><br>vs.<br><br>CITY of ORTING, a municipal entity and political subdivision of the State of Washington, CITY OF ORTING POLICE DEPARTMENT, a municipal department within the CITY OF ORTING, WILLIAM DRAKE, individually and in his official capacity as the Police Chief for the City of Orting Police Department, Mayor Joachim Pestinger, in his official capacity as Mayor of the City of Orting, individually and on behalf of his marital community with Jeannie Pestinger<br><br>Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL**<br><br>1. Race Discrimination in Violation of Title VII against all Defendants 42 U.S.C. §2000e et seq. and/or RCW 49.60 et seq.<br><br>2. Retaliation against all Defendants in Violation of 42 U.S.C. §2000e et seq. and/or RCW 49.60 et seq.<br><br>3. Violation of Civil Rights 42 U.S.C. §1981 against all Defendants.<br><br>4. Violation of Civil Rights 42 U.S.C. §1983 against all Defendants.<br><br>5. Defamation against Defendant William Drake and Entities. R.C.W. 4.16 et seq. and R.C.W. 4.36 et seq.<br><br>6. Loss of Consortium against All Defendants |

1 |
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

## I.  NATURE OF THE CASE

This action is brought on behalf of Plaintiffs, GERRY PICKENS individually (herein referred to also as "Plaintiff") and on behalf of his marital community with his wife, ERIKA PICKENS.  Plaintiff GERRY PICKENS is a former police patrol officer from Atlanta, GA. It was Officer Pickens' lifelong dream to become a police officer.  He was hired by the City of Orting as a police patrol officer on September 16, 2013.   Officer Pickens prior to working for the City of Orting, had received favorable recommendations from his previous employer; the City of Atlanta Police Department.

Plaintiff alleges that he:  (a) was terminated five days before his probation was to expire;  (b) would have passed his one year probationary period but for the racial animus of the Police Chief, William Drake's (herein Chief Drake); (c) Shortly after his filing with the Equal Employment Opportunity Commission (herein EEOC) on September 17, 2014, Defendant Chief Drake told anyone who would listen, in particular other hiring agents of other police departments along with others that Plaintiff had a pending lawsuit against the City of Orting Police Department; (d) Since his firing from the City of Orting Police Department, Plaintiff Pickens has submitted multiple applications to various police department in Washington State and other states in the country. No offers for employment have been made as they have referred to his filing of the lawsuit; [1] and (e) was a member of a protected class who was subjected to adverse employment actions and that similarly situated unprotected persons were

---

[1] Please note that this is the first time he has filed a lawsuit.

2 |
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

treated differently than he. In fact, Plaintiff at that time, was not contemplating a lawsuit, had not filed a lawsuit, but simply wanted to find out why he was denied employment status and failed his probation. The Defendant Chief Drake's actions deliberately hindered Plaintiff Pickens' ability to find other work in the police profession, a job and occupation that he cherished, respected and had great hopes of retiring from the police force in his 60's. Mayor Joachim Pestinger at all times material herein was the Mayor of Orting and condoned the Chief's employment decisions made about Officer Pickens. As a result of the blatant and overt comments of his superior, Chief Drake, Plaintiff believes that he has been blacklisted from the police field and that he continues to suffer from adverse employment actions. Plaintiffs have suffered emotional distress and loss of consortium as a result of the actions of all defendants.

## II. JURISDICTION

1. Federal jurisdiction is invoked under Title VII of the Civil Rights Act, 42 U.S.C §2000e, et. seq., 42 U.S.C. §1981 and 42 U.S.C. §1983.

2. This court also retains pendent jurisdiction under R.C.W. 49.60 et seq. alleging race discrimination and retaliation in the terms and conditions of employment and R.C.W. 4.16 et seq. and R.C.W. 4.36 et seq.

3. Jurisdiction is also invoked in that the Defendant City of Orting receives federal and State contracts for the services it provides to its citizens and government. One of the key conditions of its receiving federal and state contracts is that it will not discriminate on the basis of race, etc. under the Office of Federal Contract Compliance. Federal Acquisition Regulation (FAR), published at title 48 of the Code of Federal Regulations (CFR).

3 |
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

4. On September 17, 2014, Plaintiff filed his initial Equal Employment Opportunity Commission (EEOC) Charge of Discrimination alleging race discrimination.

5. On October 11, 2014, Plaintiff filed an amended EEOC Charge of Discrimination alleging retaliation by Defendant Chief Drake for his having filed with the EEOC. A Notice of Right to Sue Letter from the EEOC was issued on April 30, 2015. Defendants were placed on notice of Plaintiffs' claims in both of the EEOC complaints. On Feb 6, 2015, Plaintiffs filed a tort claim pursuant to R.C.W. 4.92. More than 60 days have elapsed since the filing of that claim.

### III. IDENTITY OF PARTIES

6. Plaintiff Gerry Pickens is a 28 year-old African American male who has been a police officer since 2010. He is the first African American officer to be hired and placed on probation at the City of Orting Police Department. At all times material herein, Plaintiff Gerry Pickens was the only African American police officer at Orting Police Department.

7. Plaintiff Erika Pickens is Plaintiff Gerry Pickens' wife.

8. Defendant William Drake is Caucasian and at all material times herein was the police chief (herein referred to as "Chief Drake") of the City of Orting Police Department. It is believed that Chief Drake is not married. However, Plaintiff reserves the right to amend this complaint, should they find out that he was married during the times alleged herein. Chief Drake acted in his official capacity.

9. City of Orting is a municipality within the state of Washington. It maintains a police department that Defendant Chief Drake oversees.

10. Defendant Pestinger (herein "Mayor") is the Chief Executive Officer of the City and its administration. Defendant Mayor at all times his individual and marital capacities. He is the Mayor of Orting and is to be believed to have been acting in his official capacity as Mayor at all times material herein. He is the Chief Executive Officer of the City and its administration. He is Caucasian and married to Defendant Jeannie Pestinger.

4
COMPLAINT OF GERRY & ERICA PICKENS

## IV.  FACTS

11. Plaintiff Gerry Pickens is a 2005 graduate of Emerald Ridge High School. He was hired in August 2010 by the Atlanta Police.   Upon graduation, he successfully completed the Atlanta Police Academy in 2010, which required 780 hours of training contrasted to 720 hours required by the Washington State Academy. He was hired in August 2010 by the Atlanta Police as a police officer.  Plaintiff Pickens left the Atlanta Police Department on honorable terms and later return to the Pacific Northwest.

12. Plaintiff Gerry Pickens was hired September 15, 2013 by the Defendant Chief as a patrol officer for the Orting Police Department. He attended the Washington State BLEAU Academy which entailed less than 500 hours, approximately, 460 hours of actual training.

13. Plaintiff Gerry Pickens was the first African American hired as a patrol officer by the Defendant Orting Police Department. He was placed on a one year probationary period.  He was terminated five days before he was to have reached his one year probationary period.

14. Plaintiff Gerry Pickens was trained by Ed Turner, Devon Gerbraluk, Lt. Chris Gard.

15. Plaintiff was informed that he did not pass probation by Defendant Chief.  No explanations were given at that time.

16. The Standard Operating Procedure requires that if a person is going to be disciplined, the complaint should be submitted in writing; the officer should be afforded an opportunity to debut what is being said and more importantly, any disciplinary action is to be conducted in a meeting with the Human Rights Coordinator.  However, at the time of these events there was no one in the HR department to whom Plaintiff could address his concerns other than the Defendant Mayor.

17. Orting Police Standard Operating Procedure requires that if a person is going to be disciplined, it should be submitted in writing, the officer should be afforded an opportunity to rebut what is being said and more importantly, any disciplinary action is to be conducted in a meeting with the Human Rights Coordinator, and/or City of Orting City Manager, Mark

Bethune. Plaintiff received no such rights nor was he given anything in writing that he was going to be disciplined. He was fired by the Defendant Chief Drake.

18. Plaintiff has never been given any written warning, reprimand or disciplinary action where he acknowledged any disciplinary action being taken against him and nor was Plaintiff ever required to sign any form of disciplinary action.

19. Nor have there been any meetings or discipline issued where either the City Manager or Human Resources Manager have spoken to Plaintiff about his work performance.

20. On September 9, 2014, (5 days before his probationary period expired) and his one year anniversary, Defendant Chief Drake informed Plaintiff that he would not pass his probationary period. Plaintiff met with Defendant Chief Drake at Drake's request. Chief Drake told Plaintiff that he had failed probation even though he passed all of his trainings. Chief Drake said that Plaintiff did not "fit the mold of the department."

21. All of Plaintiff's supervisors certified that Plaintiff had passed all of his tests at the Academy and was suitable to work as a police officer for the City of Orting Police Department

22. While on patrol Plaintiff never had any incidents and worked by himself without a partner from March 2014 to September 2014 from 2am to 6am. He had no incidents while on patrol nor was he ever written up.

23. Plaintiff was not fired by the City of Orting Police Department for any disciplinary or misconduct reasons. In fact, he has received a Certificate of Good Standing from the Washington Commission with an expiration date of September 10, 2016.

6 |
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

24. Plaintiff believes that Defendant Chief gave untruthful references to prospective employers namely other police departments not to hire him after he was terminated from the Orting Police Department.

25. As of February 3, 2015, the Washington State Criminal Justice Training Commission acknowledged that "Mr. Pickens was terminated from the Orting Police Department on September 10, 2014; his Peace Officer Certification is valid until September 10, 2016. His Peace Officer Certification is in good standing, and we have not been notified of any allegations of misconduct against his certification."

## V. RACE DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST ALL DEFENDANTS. 42 U.S.C. §2000e et seq. and/or RCW 49.60

Plaintiff re-alleges and asserts paragraphs 1-25 as though fully alleged herein and asserts that the actions by Defendants were based upon his race.

26. Chief was on record or often told others that he was not in favor of diversification, especially if it meant hiring black males.

27. These and other comments were very offensive to Plaintiff Pickens so much that on approx. Date, he complained to the Defendant Mayor Joachim about the offenses.

28. Throughout his employment Plaintiff was subjected to an ongoing barrage of racism by the Chief such as comments to include but not be limited to:

   a)  In January 2014, the Chief pulled Plaintiff into his office asking Plaintiff once again if he wanted to be a part of the department, stating there were other departments that are out there and that he should look into. Other incidents that Plaintiff found to be offensive were:

   b)  Frequently telling Plaintiff "You might want to consider finding another police department to work for ask there are a lot of KKK (Klu Klux Klansmen who lived in Orting)." The Defendant Chief would repeatedly talk about the KKK living in the area.

7
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

c) Plaintiff would repeatedly asked Plaintiff if he really wanted to work for the Orting Police Department implying that he should look elsewhere because of the KKK influence in the area.

d) Plaintiff felt uneasy every time the Chief would bring up the subject of relocation, he would link it in with the KKK. He said "You might want to consider finding another police department to work for as there are a lot of KKK and other white supremacy groups Klu Klux Klan men who live in Orting)"

e) On September 30, 2014 Handing out a board game with black people on the cover and making racist comments to make the Orting Community aware of Black people and

f) When Plaintiff expressed to Chief that he felt the games were offensive. Chief stated to him, "Gerry, you need to understand that Orting is not Atlanta and we do things differently in Orting" with a smile on his face.

29. At the time of when Plaintiff was placed under investigation for theft of services he went to the major and requested to speak with him as he was highly alarmed how the Defendant Chief was continuously attacking him and trying to make an example out of me in front of my peers and also the city council.

30. It appeared he was trying to force Plaintiff to quit. Once he had a conversation with the Mayor it appears that Defendant Mayor went back to speak with Defendant Chief. Plaintiff reported his concerns about being discriminated against and a hostile working environment to the Defendant Mayor Pestinger who in turn discussed it with the chief. However, no corrective action or steps were taken to correct its' concerns. After that Conversation things got harder for Plaintiff in the department. The environment became more hostile was in a hostile work environment.

31. The Defendant Chief failed to conduct a thorough investigation on allegations of misconduct purportedly in a school parking lot and alleging Plaintiff was having an affair. None

8  
COMPLAINT OF GERRY & ERICA PICKENS

of these allegations were true or supported by any credible evidence. Plaintiff reported these incidents to the Mayor who said he would talk with the Defendant Chief.

32. On October 2, 2013 Chief pulled Plaintiff into his office when Plaintiff arrived to work and asked him if he really wanted to be at the department. Plaintiff was surprised at this statement as he had already accepted the job offer to be there a month prior. During this sit down with the Chief, he also repeated to Plaintiff that he, Plaintiff, needed to watch out for local KKK groups in the area. Chief explained to Plaintiff that he needed to be more aware in the area because the people in Orting could be out to get him as he was a black officer.

33. On or about late January, 2015, Plaintiffs SUV which was parked outside of his residence was spray painted with a racial slur and threat that read on one side "N----er" in bright red paint and on the other side "Sue Cheif (sic) and pay." To date, there has been no investigation on this matter and no one has been arrested. Plaintiff is unaware as to who was responsible for this incident.

### VI.   RETALIATION AGAINST ALL DEFENDANTS IN VIOLATION OF 42 U.S.C. §2000e et seq. and/or RCW 49.60 et seq.

Plaintiff re-alleges and asserts paragraphs 1-33 as though fully alleged herein and asserts that the action by Defendant were based upon Plaintiff having voiced his concerns about the distribution of a game as being racially offensive and having filed a Charge of Discrimination with the EEOC.

34. Plaintiffs state that Defendants Chief Drake and Mayor Pestinger discriminated in the terms and conditions of his employment.

35. The Defendant City of Orting failed to investigate. It is only as a result of the EEOC complaint, almost nine months after Plaintiff was fired that an investigation has started.

36. Plaintiff asserts that such an investigation is a ruse as Defendants were alerted by the Notice of Right to Sue Letter that Plaintiff has to file this lawsuit by July 29, 2015.

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

37. On April 3, 2014, Plaintiff spoke to the Defendant Mayor. The Defendant Mayor went back to the Chief and spoke with him about Plaintiff's concerns. From that point, things got worse in the department and the work environment became more hostile.

38. Fellow workers began to treat him differently at the workplace and got more aggressive towards him. At that time of his reporting to the Defendant Mayor there was no Human Rights Manager at the City.

## A. ADVERSE ACTIONS

39. Plaintiff went to Defendant Mayor and expressed to him how the Chief was treating him different being a Black officer in the Department. Plaintiff told him that Defendant Chief held him to a different standards for him as contrasted to the other officers.

40. After having a conversation with the Defendant Mayor and him speaking to the Defendant Chief, Plaintiff's work environment became very hostile and Defendant Chief began to attack him by starting another bogus internal investigation claiming that he was having an affair. This was untrue.

41. The Mayor took no affirmative acts to correct/investigate the situation.

## B. PLAINTIFF WAS DENIED TRAINING

42. In November 2013, Defendant Chief Drake denied Plaintiff's request for training as a police school resource officer while he allowed Geoff Boone and Jeff Martineau both who were Caucasian officers were allowed to be retrained for those positions. Had such training been provided to Plaintiff, he too, could have had additional experience and pay. In November 2013 Officer Pickens asked Defendant Chief if he could go to school resource officer training with some of the other officers in the department. Chief said, "Maybe another time." Plaintiff also asked to get trained on weapons so he could be qualified and that was also denied. The lack of training does prevent an officer from being promoted.

10 |
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

43. Plaintiff did not advance in the department promotion wise as did others who were Caucasian.

### C. PLAINTIFF WAS DENIED EQUIPMENT THAT WAS STANDARD FOR WHITE OFFICERS.

44. Failure to provide equipment which jeopardized Plaintiff's safety. This placed his life and the lives of his fellow officers and/public in jeopardy. Plaintiff was marked down in training for not having the proper equipment.

### D. PLAINTIFF WAS ALSO UNFAIRLY SUBJECTED TO MORE SCRUTINY THAN CAUCASIAN OFFICERS.

45. For instance, part of Plaintiff's job was to conduct community policing which involves interacting with the community. He went to Anytime Fitness Gym and was speaking to a high school student about becoming a police officer.

46. The Chief subjected Plaintiff to a one year probationary status. Other Caucasian officers were placed on probation but released from probationary status after six months. The chief placed Plaintiff on administrative leave purportedly for stealing time at gym, yet another officer who trained plaintiff (even though he had less police experience than Plaintiff) assaulted a child and was placed under investigation but not sent home.

47. Plaintiff served as a witness to the assault by Officer Ed Turner of the child and reported it to the Chief. Plaintiff was told by the Chief that he would handle the situation and continued to have this Officer Turner train Plaintiff. Officer Turner had less police training than Plaintiff Pickens at the time of his hire.

48. Officer Ed Turner assaulted a child and was placed on an internal investigation. He was not sent home nor was city council notified of this investigation. When Plaintiff had an investigation he was treated different and made out by the chief as if he was a criminal and the world should know. Also while Plaintiff was in training he expressed to the Defendant Chief that

11
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

Edward Turner did not back him up in a burglary in a residence call and that Plaintiff requested to switch training officers due to an officer safety issue. Chief denied the request and stated he will have a conversation with Edward Turner.

49. Plaintiff was terminated. Other officers who purportedly committed misconduct were allowed to resign. The Chief Drake had never given Plaintiff one evaluation. Plaintiff has never signed off any evaluation.

50. After the subsequent filing of the first charge of discrimination with the Plaintiff started hearing from community residents about the Chief's predisposition towards him.

51. These comments included but were not limited to: the Chief being overheard and talking about Plaintiff and referring to him as a N ----R; making references to Blacks and Plaintiff as a "trouble maker" and that "trouble follows blacks," and "get rid of that Nigger." The chief said that he had documentation on write-ups and that when he purportedly disciplined Plaintiff by himself without the City Administrator, Mark Bethune. He also stated that he would prevent Plaintiff from getting on with another police department as he the Chief had given independent references to other prospective police department employers.

52. Despite having filed voluminous applications with various police departments all over the country, Plaintiff has yet to find employment with a Police Department. This is particularly true, after the various inquiries have been responded to by Defendant Chief William Drake.

53. The Standard Operating Procedure requires that if a person is going to be disciplined, it should be: submitted in writing, the officer should be afforded an opportunity to rebut what is being said and more importantly, any disciplinary actions is to be conducted in a meeting with the Human Rights Coordinator, and/or City of Orting City Manager. This protocol was not followed as it relayed to Plaintiff. Despite having filed voluminous applications with various police departments all over the country, and being well qualified for the positions that he has sought, Plaintiff has yet to find employment with a Police Department.

12
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

## VII. VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1981 AGAINST ALL DEFENDANTS.

Plaintiffs adopt by reference paragraphs 1 to 53 as though fully alleged herein.

54. The Defendants engaged in a violation of civil rights practice with malice or with reckless indifference to the federally protected rights of Plaintiff Gerry Pickens.

55. Plaintiff alleges that he was deprived of his civil rights because of his race that under similar circumstances, were accorded to Caucasian officers.

56. Defendants actions violated the City of Orting's policies against discrimination and the Civil Service Commission hiring and firing practices. Chief Drake intentionally did not follow standard operating procedures mandated by his employer and sought to cause harm to Plaintiff.

57. Plaintiff alleges that the Defendant Chief Drake's motivations were for violating his civil rights.

## VIII. VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

Plaintiff adopts by reference paragraphs 1-57 though fully alleged therein.

58. Plaintiff further states that: the Defendants failed to act in accordance with its own municipal policies and customs long accepted within the government entites, particularly as it applied to implementation of civil service laws;

59. The individual defendants had final policy-making authority and thus Defendant Drake and Defendant Mayor acted both in their individual and/or official capacities and as such their conduct constituted an official act of government policy

60. Defendant Mayor had final policy-making authority and as such ratified the unconstitutional actions of his subordinate, Defendant Chief Drake, converting the behavior into official policy for liability purposes.

13 |
COMPLAINT OF GERRY& ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

## IX. DEFAMATION AGAINST DEFENDANT WILLIAM DRAKE AND ENTITIES

Plaintiffs adopts by reference paragraphs 1 to 60 as though fully allege herein.

61. Plaintiff believes that Defendant Chief Drake intentionally and with malice defamed him and discouraged others from employing him. Defendant Drake told potential employers that Plaintiff Pickens was currently suing the City of Orting and others when he knew that no such lawsuit had been filed. In fact, Plaintiff Pickens filed this current lawsuit after being unable to find employment for nearly ten months as a police officer because of the Chief's continuous slanderous statements about him to prospective police departments and officials.

62. Defendant Drake knew that his comments that Officer Pickens was suing the City of Orting were untrue at the time he made to prospective police departments, media, and other employers. Defendant Drake intentionally wanted to ensure that Officer Pickens would not be hired by any police department.

63. The City of Orting hired a public relations firm to further perpetuate defamatory information about Officer Pickens. For instance, Defendants distributed their answer to Plaintiffs EEOC Charge of Discrimination Complaint to Officer Pickens before it became public. The EEOC was currently investigating Officer Pickens current complaint and had not released any documents. The released answer by the Defendants contained written defamatory allegations that the Defendants knew were false and untrue.

## X. LOSS OF CONSORTIUM AGAINST ALL DEFENDANTS

Plaintiffs Erika & Gerry Pickens adopt by reference the preceding paragraphs 1 to 63 as though alleged herein and claim that as a result of the Defendants' actions have impeded

14 | COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant* Law Firm, P.S.

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454

in the quality of their relationship as husband and wife; caused humiliation and embarrassment, shock and mental anguish, loss of reputation, loss of society and companionship and emotional distress to be proven at the time of trial.

## XI. RELIEF SOUGHT

**WHEREFORE**, Plaintiffs pray that judgment be entered in their favor and against all Defendants as available under law and damages to be proven at the time of trial and as follows:

1. Actual damages under RCW 49.60, *et seq.;*
2. General damages for emotional distress;
3. Special damages for medical treatment, including psychological counseling, if appropriate.
4. Lost profits;
5. Punitive damages as permitted by law.
6. Liquidated damages as permitted by law
7. Cost of relocation if any
8. Damages collectively totaling a minimum of $5,000,000.
9. Prejudgment and post-judgment interest;
10. Reasonable attorney's fees and costs of suit; and
11. For whatever further and additional relief the court shall deem to be just and equitable.

**Respectfully submitted on July 29, 2015**

*[signature]*
Beverly Grant WSBA# 8034
Attorney for Plaintiffs

15
COMPLAINT OF GERRY & ERICA PICKENS

*Beverly Grant Law Firm, P.S.*

3929 Bridgeport Way W. Set 208
University Place, WA 98464
253-252-5454